REICH REICH & REICH, P.C.  
Attorneys for Debtor  
235 Main Street, Suite 450  
White Plains, NY 10601  
(914) 949-2126  
By: Nicholas A. Pasalides  
npasalides@reichpc.com  

Hearing Date: June 26, 2019  
Hearing Time: 10:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------X  
In re:

    DANIEL PEZZOLA,

                               Debtor.  
-------------------------------------------------------X

Chapter 11

Case No. 17-23087 (RDD)

**MOTION OF THE DEBTOR PURSUANT TO 11 U.S.C. §§ 363(f)(3) AND 506 FOR THE ENTRY OF AN ORDER FIXING THE VALUE OF THE MORTGAGE LIEN OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, AND <u>APPROVING THE SALE OF THE REAL PROPERTY FREE AND CLEAR OF LIENS</u>**

      Daniel Pezzola, (the "Debtor"), by his attorneys Reich, Reich & Reich, P.C., makes the following application pursuant to 11 USC §§§ 105, 363 and 506; and Bankruptcy Rule 3012 and 6004 to authorize the Debtor to sell certain real property free and clear of all liens respectfully submits the following:

      1.      On July 17, 2017 ("Filing Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). Pursuant to Sections 1107 and 1108 of the Code, the Debtor continues the operation and management of his property as debtor-in-possession.

## RELEVANT BACKGROUND

      2.      The Debtor owns certain real property located 157 Amackassin Terrace, Yonkers, New York 10703 ("Property").

1

3. The main purpose of the Debtor's bankruptcy filing was to stay the pending foreclosure actions against both the Property and the Debtor's home.

4. The Debtor has negotiated and entered into a contract of sale with respect to the Property for the purchase price of $700,000.00 (the "Contract"). A copy of the fully executed Contract is annexed hereto as Exhibit A.

5. The sale proceeds will not be sufficient to fully satisfy the mortgage against the Property held by Deutsche Bank National Trust Company, as Trustee for Holders of the HSI Asset Securitization Corporation Trust 2006-HE1 ("Deutsche Bank") in the approximate amount of $840,576.50. A copy of the Proof of Claim filed by Deutsche Bank on account of the mortgage is attached hereto as Exhibit B.

6. The sale price represents a realistic market value for the Property. A copy of a recent appraisal for the Property is annexed hereto as Exhibit C.

7. Section 363(f) of the Code provides that the Court approve the sale of an asset free and clear of liens when applicable non-bankruptcy law permits the sale free and clear of such interests; or when the entity claiming the lien or interest could be compelled to accept a money satisfaction. Under applicable state law in the pending foreclosure proceeding of Deutsche Bank, as first mortgagee, all subordinate liens would be stripped against the Property leaving the subordinate lienholder with a claim against surplus monies, if any.

8. The Debtor has determined that a sale is in the best interest of the Estate. As set for the hereinabove, the purpose of the Debtor's bankruptcy filing was to resolve the pending foreclosure against the Property. Although there will be no surplus proceeds from the sale, a substantial number of filed claims will be satisfied and then withdrawn. Additionally, the Debtor will no longer be responsible for the maintenance costs associated with the Property including,

utilities, landscaping, and mortgage payments. As a result, the Estate is receiving a significant benefit from this sale.

9. There were no real estate brokers involved in this transaction and no commissions are due or payable.

10. From the proceeds of sale, the Debtor proposes to pay all usual and customary costs of sale, including New York transfer tax in the amount of approximately $2,800.00 with the balance of the proceeds distributed to Deutsche Bank on account of their first mortgage lien.

## ARGUMENT

11. Pursuant to 11 U.S.C. §§506(a) and 506(d), the debtors may determine the secured status of a claim and void a lien against the Property that exceeds the value of the claim's interest in the subject property.

12. Section 506(a) of the Code provides, in relevant part:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim....

13. Section 506(d) of the Code provides, in relevant part: (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void....

14. It is submitted that the proposed sale price represents the fair market value for the Property and pursuant to Section 506 of the Code any balance due Deutsche Bank on account of its first mortgage lien after payment to it of the net proceeds of sale shall be deemed a general unsecured claim.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order approving the foregoing transaction pursuant to 11 U.S.C. §363(f) and for such other relief as the Court deems just and proper.

Dated: White Plains, New York
May 16, 2019

                REICH REICH & REICH, P.C.
                Attorneys for the Debtor

By: /s/Nicholas A. Pasalides
     Nicholas A. Pasalides
     235 Main Street, Suite 450
     White Plains, NY 10601
     (914) 949-2126